IN THE UNITED STATES DISTICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIUS BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| UNITED STATES POSTAL SERVICE, and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## CIVIL COMPLAINT FOR AUTOMOBILE NEGLIGENCE

COMES NOW, Plaintiff, Mr. Julius Brown (hereinafter, "Plaintiff"), by and through the undersigned counsel, and brings forth the herein civil action for negligence and personal injuries, pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq*.), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b), against Defendants, United States Postal Service (hereinafter, "USPS") and the United States of America (hereinafter, "USA") (collectively hereinafter referred to as "Defendants"), and in support of this Complaint respectfully states as follows:

### JURISDICTION AND VENUE

1. This is an action for negligence and personal injuries being brought pursuant to the FTCA (28 U.S.C. § 2671, *et seq*.), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b).

2. All conditions precedent to filing this action have been complied with, expired, and/or waived.

3. Specifically, Plaintiff has complied with all provision precedent to filing this action, including the notice requirements set forth in 28 U.S.C. § 2675(a).

4. Pursuant to 28 U.S.C. § 2401(b), 39 C.F.R. § 912.9(a), 28 U.S.C. § 1346(b)(1) and the FTCA (28 U.S.C. § 2671, *et seq*.), governmental immunity is not a bar to this action and Plaintiff is legally permitted to pursue this action following a denial or constructive denial of their administrative claim for personal injuries.

5. In particular, Plaintiff's claim for personal injury arose from a motor vehicle collision involving Plaintiff and Cortney M. Tucker (hereinafter, "Defendant Tucker"), which occurred on or about December 6, 2023, in St. Louis City, Missouri (hereinafter, "subject collision"), in which Plaintiff suffered significant personal injuries as a result of the negligence of Defendant Tucker, as discussed in greater detail below.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because USPS and USA are defendants in the instant action and Defendant Tucker is, was and at all times relevant to the herein action, acting within the scope of his employment as an employee and/or agent of USPS and/or USA at, or prior to, the time of the subject collision.

7. Additionally, a substantial part of the events or omissions giving rise to Plaintiff's claims in the instant action, specifically the subject collision and all events relevant hereto, occurred in St. Louis City, Missouri.

8. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and reasonable attorney's fees.

## PARTIES

9. Plaintiff is and was at all times relevant to the allegations contained herein, an adult individual and resident of St. Louis County, Missouri.

10. Defendant USPS is and was at all times relevant hereto, an independent agency of the federal government of the United States of America, with its headquarters located at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

11. Defendant USPS may be served with process by this Honorable Court to Thomas J. Marshall, General Counsel of the United States Postal Services at 475 L'Enfant Plaza SW, Washington, D.C. 20260.

12. Defendant USA may be served via registered or certified mail to the Attorney General of the United States, U.S. Department of Justice, at 950 Pennsylvania Avenue, NW, Washington, D.C. 30530 and may be served via process to Sayler Fleming, United States Attorney for the Eastern District of Missouri, at 111 S. 10th Street, #20.333, St. Louis, MO 63102.

13. Defendant Tucker is and was at all times relevant hereto, an employee, agent, officer and/or servant of the Defendants, USPS and/or USA.

14. Defendant Tucker was at all times relevant hereto as it pertains to the subject collision, acting within his official capacity and with the course and scope of his employment, agency and/or service as an employee, agent, officer and/or servant of the Defendants, USPS and/or USA.

**FACTUAL ALLEGATIONS**

15. On or about December 6, 2023, Plaintiff was driving his 2021 Jeep (VIN 1C6JJTAG6ML518575) westbound on Halls Ferry Road near Church Road in St. Louis City, Missouri.

16. At or near the same time, Defendant Tucker was illegally driving or otherwise operating a United States Postal vehicle (2018 Ram MPV cargo van, VIN 3C6TRVCG5JE130154) near the same area, specifically northbound on Church Road in St. Louis City, Missouri.

17. Defendant Tucker's operation of the USPS vehicle was illegal or otherwise unlawful due to the fact his driver's license was suspended, revoked, or otherwise denied at the time of the subject collision.

18. Upon reasonable information and belief, as Plaintiff neared Church Road, Defendant Tucker suddenly and without warning pulled out in front of him.

19. Plaintiff attempted to avoid the collision by swerving but was unable to do so, causing his Jeep to be viciously struck by the USPS vehicle.

20. The collision was so forceful that it caused Plaintiff's Jeep to be pushed off the roadway, ultimately coming to a rest just before McLaren Avenue.

21. The collision also resulted in significant and extensive damage to Plaintiff's Jeep, creating further economic loss, for which Plaintiff has not been compensated.

22. Defendant Tucker informed responding officers that he thought it was safe to proceed out into traffic at the time of the subject collision as he somehow allegedly did not see any traffic at the time.

23. Defendant Tucker negligently, carelessly and recklessly failed to maintain a proper lookout for traffic to ensure no vehicles were present nearby that would make his turn onto Halls Ferry Road unsafe, thereby proximately causing the subject collision.

24. Defendant Tucker further negligently and unlawfully operated or maintained the USPS vehicle which resulted in Plaintiff's vehicle being struck, thereby proximately causing the subject collision.

25. At all times relevant hereto, Plaintiff exercised the requisite care and caution for his own safety and the safety of other motorists. However, as a direct and proximate result of Defendants' negligence, Plaintiff sustained serious and severe personal injuries and damages,

which required medical attention in addition to further economic damage as a result of damage to Plaintiff's property.

## AGENCY

26. At all times relevant hereto, Defendant Tucker was an employee, agent, officer, and/or servant of Defendants.

27. At all times relevant hereto, Defendant Tucker was employed by Defendants and/or USPS as a driver of postal service vehicles, such as the USPS vehicle involved in the subject collision.

28. At all times relevant hereto, Defendant Tucker was acting within his official capacity and within the course and scope of his employment, agency and/or service as an employee, agent, officer, and/or servant of Defendants, while he was operating the USPS vehicle at the time of the subject collision.

29. Further, at all times relevant hereto, Defendant Tucker was operating the USPS vehicle which was registered to Defendant USPS and was, upon reasonable information and belief, owned or otherwise controlled by Defendants.

30. Consequently, at all times relevant hereto, Defendant Tucker was operating the USPS vehicle for USPS' use and benefit and within the course and scope of his employment as an agent, employee, officer and/or servant of Defendants.

31. As such, Defendants are vicariously liable for the negligent actions of its agent, officer, servant and/or employee, Defendant Tucker, which were the direct and proximate cause of the subject collision and Plaintiff's resulting injuries and damages.

## NEGLIGENCE OF DEFENDANT TUCKER

32. Plaintiff incorporates the above allegations set forth in paragraphs 1-30 as though fully set forth herein.

33. Plaintiff charges and/or otherwise alleges that USPS and/or USA are guilty of one, some, or all of the following acts and/or omissions of common law negligence which were the direct and proximate cause of Plaintiff's injuries:

(a) Defendants, by and through their agent, employee and/or servant, failed to yield to nearby traffic; and

(b) Defendants, by and through their agent, employee and/or servant, failed to keep a careful lookout for oncoming or nearby traffic; and

(c) Defendants, by and through their agent, employee and/or servant, failed to lawfully operate the USPS vehicle involved in the subject collision through a driver who is lawfully authorized to do such; and

(d) Defendants, by and through their agent, employee and/or servant, knew or by the use of the highest degree of care should have known that there was a reasonable likelihood of the subject collision occurring in enough time to have stopped, swerved, or slackened the speed of the USPS vehicle, but failed to do so; and

(e) Defendants, by and through their agent, employee and/or servant, failed to sound a warning of their approach; and

(f) Defendants, by and through their agent, employee and/or servant, negligently caused the USPS vehicle to crash into Plaintiff's Jeep.

### VICARIOUS LIABILITY CLAIM AGAINST DEFENDANTS UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA

34. Plaintiff incorporates the above allegations set forth in paragraphs 1-32, including all sub-paragraphs thereto, as though fully set forth herein.

35. Plaintiff charges and/or otherwise alleges that Defendants are vicariously liable for the negligent act(s) and/or omission(s) of its agent, officer, servant, and/or employee, Defendant Tucker, specifically his negligent operation of the USPS vehicle at the time of the subject collision.

36. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendant USPS was the registered owner of the USPS vehicle Defendant Tucker was driving or otherwise operating at the time of the subject collision.

37. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendant Tucker was employed as Defendants' agent, officer, employee and/or servant, specifically as a driver of postal service vehicles.

38. Pursuant to RSMo. § 288.034, Plaintiff has *prima facie* evidence that Defendant Tucker, as Defendants' agent, officer, employee and/or servant, was operating the USPS vehicle at the time of the subject collision for Defendants' use and benefit and was within the course and scope of his agency and/or employment with Defendant USPS.

39. Plaintiff charges and/or otherwise alleges that Defendant USPS and/or USA are vicariously liable for the negligent act(s) and/or omission(s) of its agent, officer, employee, and/or servant, Defendant Tucker, specifically, his negligent, careless, and/or reckless operation of the USPS vehicle at the time of the subject collision.

**NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANTS
UNITED STATES POSTAL SERVICE AND UNITED STATE OF AMERICA**

40. Plaintiff incorporates the above allegations set forth in paragraphs 1-38, including all sub-paragraphs thereto, as though fully set forth herein.

41. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendants owned and/or had sufficient control over the USPS vehicle at the time that Defendant USPS entrusted said vehicle to Defendant Tucker.

42. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendants were or should have been aware that Defendant Tucker was incompetent and unfit to operate the USPS vehicle driver by Defendant Tucker at the time of the subject collision.

43. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendants were or should have been aware that Defendant Tucker as their agent, officer, servant, and/or employee, was incompetent and unfit to operate the USPS vehicle driver by Defendant Tucker at the time of the subject collision.

44. Plaintiff charges and/or otherwise alleges that despite having actual and/or constructive knowledge of the fact that Defendant Tucker was incompetent and unfit to operate the USPS vehicle, Defendants entrusted Defendant Tucker to operate said vehicle of public roadways.

45. Plaintiff charges and/or otherwise alleges that as a direct and proximate result of the negligence of Defendants in entrusting the operation of the USPS vehicle on public roadways to its agent, officer, employee, and/or servant, Defendant Tucker, the subject collision occurred, and Plaintiff sustained serious physical injuries and other economic and non-economic damages.

**NEGLIGENT HIRING CLAIM AGAINST DEFENDANTS
UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA**

46. Plaintiff incorporates the above allegations set forth in paragraphs 1-44, including all sub-paragraphs thereto, as though fully set forth herein.

47. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendants hired Defendant Tucker as a driver of postal service vehicles and entrusted Defendant Tucker to operate such vehicles on public roadways.

48. Plaintiff charges and/or otherwise alleges that at the time of hiring and/or at the time of Defendant Tucker's employment with USPS, Defendants performed either no background check or an inadequate background check on Defendant Tucker.

49. Plaintiff charges and/or otherwise alleges that as a direct and proximate result of the negligence of Defendants in hiring Defendant Tucker without performing a background check, or by performing an inadequate background check, Defendant Tucker was permitted to operate a postal service vehicle on public roadways, which caused the subject collision to occur.

**NEGLIGENT RETENTION CLAIM AGAINST DEFENDANTS
UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA**

50. Plaintiff incorporates the above allegations set forth in paragraphs 1-49, including all sub-paragraphs thereto, as though fully set forth herein.

51. Plaintiff charges and/or otherwise alleges that after hiring Defendant Tucker and on or prior to the date of the subject collision, Defendants became aware or should have been aware of information indicating Defendant Tucker was unfit to serve as an employee charged with operating a postal service vehicle on public roadways.

52. Plaintiff charges and/or otherwise alleges that despite having actual and/or constructive knowledge of these facts, Defendants failed to terminate Defendant Tucker from his employment, but rather entrusted Defendant Tucker to operate a postal service vehicle on public roadways at the time of the subject collision.

53. Plaintiff charges and/or otherwise alleges that as a direct and proximate result of the negligence of Defendants in retaining Defendant Tucker as their agent, officer, employee, and/or servant, the subject collision occurred.

**NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANTS**
**UNITED STATES POSTAL SERVICE AND UNITED STATES OF AMERICA**

54. Plaintiff incorporates the above allegations set forth in paragraphs 1-53, including all sub-paragraphs thereto, as though fully set forth herein.

55. Plaintiff charges and/or otherwise alleges that at all times relevant hereto, Defendants were responsible for the actions of all of their agents, officers, servants, and/or employees who were acting within the course and scope of their employment and/or agency, including Defendant Tucker.

56. Plaintiff charges and/or otherwise alleges that Defendants, through their agents, officers, servers and/or employees, breached this duty in one (1) or more of the following ways:

(a) Failing to properly supervise Defendant Tucker in his operation of postal service vehicles;

(b) Failing to properly manage Defendant Tucker in his operation of postal service vehicles;

(c) Failing to properly train Defendant Tucker on the proper operation of postal service vehicles;

(d) Failing to properly train Defendant Tucker on how to maintain a proper lookout for traffic;

(e) Failing to properly train Defendant Tucker on how to maintain proper control of postal service vehicles, so as to avoid the collisions;

(f) Failing to properly train Defendant Tucker on how to maintain proper control of postal service vehicles, so as to avoid improperly entering traffic when it is unsafe to do so;

(g) Failing to properly train Defendant Tucker on how to control the movement, momentum for direction of travel, and how to turn or guide postal service vehicles, so as to avoid collisions;

(h) Failing to properly train Defendant Tucker on how to properly yield to nearby traffic;

(i) Failing to properly train Defendant Tucker on how to properly ensure no vehicles are in the blind spot of postal service vehicles before driving said vehicles;

(j) Failing to properly train Defendant Tucker to use the degree of care and caution as was required under the existing circumstances and conditions for the safety of himself and others upon the public roadway on which he was operating the USPS vehicle;

(k) Failing to prevent Defendant Tucker, who was supposed to be trained on the proper operation of postal service vehicles, from committing negligent acts while operating said vehicle at the time of the subject collision;

(l) Negligently failing to enforce reasonable safety policies and procedures; and

(m) Being otherwise negligent in the training and supervision of Defendant Tucker who was charged with operating a postal service vehicle on public roadways at the time of the subject collision.

57. Plaintiff charges and/or otherwise alleges that as a direct and proximate result of the negligence of Defendants in failing to properly supervise and properly train Defendant Tucker as their agent, officer, employee and/or servant, the subject collision occurred.

## INJURIES AND DAMAGES

58. Plaintiff incorporates the above allegations set forth in paragraphs 1-57, including all sub-paragraphs thereto, as though fully set forth herein.

59. Plaintiff charges and/or otherwise alleges that as a direct and proximate result of the herein above-described acts of gross negligence, malice, reckless disregard for the safety of others, willful and wanton conduct, and negligence of Defendants, Plaintiff sustained multiple serious and disabling injuries to his body as a whole, including, but not limited to his: head, neck, hand/wrist, and back, along with post-traumatic headaches and anxiety.

60. Plaintiff charges and/or otherwise alleges that he has endured pain and suffering and may continue to suffer from the injuries arising out of the subject collision.

61. Plaintiff charges and/or otherwise alleges that he has incurred reasonable and necessary medical expenses in order to alleviate his pain and suffering and reasonably believes he may incur additional expenses in the future.

62. Plaintiff charges and/or otherwise alleges that he has sustained a loss of enjoyment and quality of the normal pleasures of life as a result of the subject collision – including lost wages – both past and future.

63. Plaintiff charges and/or otherwise alleges that he has sustained mental anguish as a result of the subject collision, both past and future.

64. As a direct and proximate result of Defendants' negligence, Plaintiff incurred medical expenses and may have to do so in the future due to residual effects of the subject collision.

65. Additionally, as a direct and proximate result of Defendants' negligence, Plaintiff lost earnings and earning capacity.

66. As a direct and proximate result of the negligence and acts or omissions of Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injuries and damages, including but not limited to those enumerated within this Complaint.

67. As a direct and proximate result of the negligence and acts or omissions of Defendants, Plaintiff's vehicle was damaged, and Plaintiff lost the use and enjoyment of his vehicle during the period required for its repair. Plaintiff also incurred expenses for which he has not been reimbursed for as it relates to the damage to his vehicle as well.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

1. That Plaintiff be awarded the present cash value of any medical care and treatment they will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

3. That Plaintiff be awarded special damages for lost wages, income, and earning capacity;

4. That Plaintiff be awarded the cash value of all repairs to his vehicle in the amount of Forty-Eight Thousand and Six Hundred Dollars ($48,600.00).

5. That Plaintiff be awarded compensatory damages for other economic and non-economic damages in the amount of Two Hundred Thousand and no/100ths Dollars ($200,000.00);

6. That Plaintiff be awarded post-judgment interest as allowed by law;

7. That a jury be empaneled to try the issues when joined; and

8. For such other and further relief as this Honorable Court may deem just and appropriate under the circumstances.

Respectfully submitted,

**THE SWANSON LAW FIRM**

/s/ *Roland Swanson Jr.*
Roland E. Swanson Jr., #70380MO
13321 N Outer 40 Road, Suite 300
Town and Country, MO 63017
Tel.: (314) 492-2380
Facsimile: (314) 475-1837
roland@theswansonlawfirm.com
Attorney on behalf of Plaintiff,
Mr. Julius Brown