**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIUS BROWN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | ) | No. 4:25-cv-01320-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion for summary judgment (ECF No. 20) and motion to strike the jury demand (ECF No. 22) brought by Defendants United States Postal Service (USPS) and the United States. Plaintiff opposes summary judgment (*see* ECF No. 24) but does not oppose the motion to strike the jury demand. The parties presented oral argument on the motions on March 11, 2026. For the reasons set forth herein, Defendants' motions will be granted.

## I. BACKGROUND

This case arises from a motor vehicle collision that occurred on December 6, 2023. Plaintiff alleges that on that date, a USPS vehicle pulled into the road in front of Plaintiff's car and collided with it. Plaintiff alleges he suffered severe injuries and significant vehicle damage as a result of the USPS driver's negligence.[1] *See* ECF No. 1. Plaintiff brings his claims in this

[1] The only proper defendant here is the United States. The USPS employee driving the USPS vehicle, Courtney Tucker, is described throughout the complaint as "Defendant Tucker." *See, e.g.*, ECF No. 1 at p. 2. However, Plaintiff clarified at oral argument that he does not intend to bring claims against Tucker. Additionally, a federal agency, such as USPS, cannot be sued under the FTCA. *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002).

case under the Federal Tort Claims Act ("FTCA"), which imposes strict, inflexible time limits that require a claimant to file a lawsuit in federal court within six months of the date a federal agency formally denies their claim by mailing a denial letter by certified mail. Defendants claim that they are entitled to judgment as a matter of law because the undisputed facts establish that Plaintiff filed his complaint too late.

## II. UNDISPUTED MATERIAL FACTS

The undisputed facts material to summary judgment are as follows:[2]

The parties agree that Plaintiff and USPS employee Courtney Tucker were involved in a vehicular collision on December 6, 2023. As required by the FTCA, Plaintiff presented his claim directly to USPS before proceeding with this lawsuit. *See* 28 U.S.C. § 2675(a). During this initial claim stage, Plaintiff was represented by attorney Deidre Powell. On April 30, 2024, Ms. Powell sent a demand letter to USPS seeking to resolve Plaintiff's potential claims, and on May 9, 2024, Plaintiff also submitted a USPS Standard Form 95 to request a monetary settlement from USPS. Sometime after USPS received Plaintiff's claim, Ms. Powell began communicating with counsel for USPS.

Plaintiff attached to his memorandum in opposition to summary judgment an email chain between Ms. Powell and counsel for USPS that purports to take place between February 24 and

[2] Because Plaintiff did not file any response to Defendants' statement of undisputed material facts, Defendants' statement of facts (ECF Nos. 19, 23) is deemed admitted where adequately supported by the evidence cited. *See* Fed. R. Civ. P. 56(e)(2); Local Rule 4.01(E). Moreover, Plaintiff's briefing in opposition of summary judgment indicates that the parties are aligned on most material facts. While Plaintiff did not separately file a statement of undisputed material facts as required by Local Rule 4.01(E), the Court incorporates herein a brief summary of the facts Plaintiff cited within his memorandum in opposition to summary judgment that are supported by record evidence Plaintiff attached to his memorandum and not controverted by Defendants.

February 27, 2025, in which Ms. Powell and counsel for USPS discussed a potential resolution of Plaintiff's claim. Neither party has alleged that further communications took place between Ms. Powell and USPS after February 27, 2025. To the contrary, Ms. Powell's final response indicates a rejection of USPS's proposal to resolve his claim and contains no indicia of any intent to continue the discussion. The day after these communications took place, on February 28, 2025, USPS mailed, via certified mail, a letter formally denying Plaintiff's claim. USPS mailed the letter to Ms. Powell at the Laclede Avenue address that appeared on the letterhead of Ms. Powell's April 30, 2024 demand letter to USPS. In the denial letter, USPS explained that Plaintiff's claim was denied and that he had the right to file suit in federal court "no later than six (6) months after the date the Postal Service *mails* the notice of that final action." *See* ECF No. 23 at p. 1 (emphasis in original). Defendants allege that Plaintiff's counsel "received the formal denial letter on March 4, 2025 by certified mail." (ECF No. 19 at p. 2). However, the certified mail receipt and tracking information cited in support of this contention establish only that the letter was delivered to the Laclede Avenue address associated with Ms. Powell and that someone at that address signed for it (though the signature is illegible).

According to Plaintiff, at some point in the ten months between when he submitted his claim to USPS and when USPS mailed the denial letter, Ms. Powell's address had changed, and she was no longer associated with anyone at the Laclede Avenue address to which USPS mailed the denial letter. Plaintiff also contends that after USPS mailed the formal denial letter, his current counsel, Roland Swanson, agreed to take over representation of Plaintiff in late March or early April 2025. Plaintiff contends that Ms. Powell never received the denial letter, and as a consequence, Plaintiff and Mr. Swanson never received the denial letter. The Court notes that Plaintiff fails to support these allegations with affidavits or evidence, but more importantly, they

are immaterial. Whether Ms. Powell ever actually received the letter does not matter for purposes of calculating the relevant filing deadline, as discussed further below.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of demonstrating there are no genuine issues of material fact rests on the moving party, and the Court reviews the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted). While the non-movant receives the benefit of all reasonable inferences supported by the evidence, he maintains "the obligation to come forward with specific facts showing that there is a genuine issue for trial." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1207 (8th Cir. 2013) (internal citation omitted). To withstand a motion for summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). To demonstrate a triable issue of fact, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal quotation marks and citation omitted).

## IV. DISCUSSION

As an initial matter, Plaintiff does not oppose Defendants' motion to strike the jury demand. As Defendants note, Plaintiff is not entitled to a jury trial on his claims under the FTCA. *United States v. Neustadt*, 366 U.S. 696, 701 n. 10 (1961). His claims of personal injury

and loss of property brought pursuant to the FTCA would be tried by the undersigned, and not a jury. *See Mader v. United States*, 654 F.3d 794, 797 n. 1 (8th Cir. 2011) (citing 28 U.S.C. § 2402) ("FTCA actions must be tried to a judge, not a jury."). As such, the motion to strike the jury demand will be granted.

To bring a claim under the FTCA, an individual must first exhaust administrative remedies by presenting their claim to the appropriate federal agency for resolution. *See* 28 U.S.C. § 2401(b), 2675(a). If the agency fails to resolve the case and ultimately denies the claim, the agency must mail a formal denial to the claimant via certified mail. 28 U.S.C. § 2675(a). The claimant then has exactly six months from the date the denial is *mailed* to file suit or be "forever barred" from asserting their FTCA claim in court. 28 U.S.C. § 2401(b). Eighth Circuit case law is clear that missing this six-month deadline by even one day is grounds for dismissal. *See McDuffee v. United States*, 769 F.2d 492, 494-95 (8th Cir. 1985). Here, it is undisputed that USPS mailed Plaintiff the denial letter on February 28, 2025, meaning that Plaintiff had until August 28, 2025 to file a lawsuit or risk forfeiting his claims forever. Plaintiff did not file his lawsuit until September 3, 2025, rendering his claims untimely.

The fact that Plaintiff claims that he and his counsel did not receive the denial letter is irrelevant, as the statute of limitations is triggered solely by the agency *mailing* the letter and not by the claimant's *receipt* of the letter. *See Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014) (collecting cases) ("As our sister circuits have noted, the FTCA does not require that the claimant receive the denial letter in order to commence the six-month limitation period. The FTCA requires only that the agency mail the denial by certified mail…. An added receipt requirement would constitute a burden on the agency to guarantee delivery, and would in fact be construing the FTCA in favor of plaintiffs suing the United States, when the Supreme Court has

instructed courts to do the opposite." (internal citations omitted)); *see also Schmidt v. United States*, No. 92-3002, 1993 WL 186268, at *1 (8th Cir. 1993) (affirming dismissal of FTCA claim as untimely and barred by the six-month statute of limitations when it was filed more than six months after the date the agency's final decision was mailed). Plaintiff has cited no authority in this jurisdiction (or any other, for that matter) in which a claimant was relieved of their obligation to timely comply with the six-month deadline based only on their failure to receive the denial letter.

Plaintiff claims that the six-month deadline should be equitably tolled, but the circumstances do not warrant application of this narrow doctrine. In general, a claimant may invoke the doctrine of equitable tolling to justify an otherwise untimely claim under the FTCA. *See Niccolai v. U.S. Bureau of Prisons, Dir.*, 4 F.3d 691, 693 (8th Cir. 1993). However, equitable tolling is a narrow "exception to the rule, and should therefore be used only in exceptional circumstances." *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995). Courts in the Eighth Circuit generally reserve the application of equitable tolling "for circumstances which were truly beyond control of the plaintiff or for conduct of the defendant that lulled the plaintiff into inaction." *Niccolai*, 4 F.3d at 693. Equitable tolling cannot be applied to "garden variety cases involving excusable neglect." *Arigo v. United States*, 980 F.2d 1159, 1162 (8th Cir. 1992) (internal citations omitted). A plaintiff asserting that equitable tolling should apply to an FTCA claim bears the burden of proving its application. *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (citing *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980), *cert. denied*, 454 U.S. 893 (1981)).

Plaintiff has presented, at best, a case of garden variety excusable neglect, which does not justify equitable tolling. Even assuming as true the unsupported allegation that Plaintiff's former

counsel changed addresses and never received the denial letter, Plaintiff offers no evidence that his counsel directed USPS to send communications to a new address, attempted to ascertain the status of his claim after settlement communications ceased, or inquired with USPS as to whether and when a denial was issued before filing suit. Thus, Plaintiff has not created a genuine issue of fact sufficient to demonstrate that equitable tolling should apply. *See Stroman v. United States*, No. 22-2241, 2023 WL 6172885, at *2-3 (3d Cir. Sept. 22, 2023) (finding equitable tolling of the FTCA's six-month limitations period unjustified because counsel's failure to receive the denial letter did not constitute extraordinary circumstances, and plaintiff did not demonstrate that he continued to diligently pursue his claims by, at the very least, inquiring with USPS to learn the status of his claim before filing suit).

In support of his argument that the six-month deadline should be equitably tolled, Plaintiff cites *United States v. Kwai Fun Wong*, in which the Supreme Court clarified that the FTCA's deadlines are not jurisdictional but rather are subject to equitable tolling where a claimant exercised continued diligence in meeting deadlines and faces obstacles outside their control that prevented timely filing. 575 U.S. 402, 405 (2015). However, the facts at issue in that case readily indicate that it is distinguishable from the one at hand. In *Kwai Fun Wong*, Wong satisfied the statutory requirement of first presenting her claims to the Immigration and Naturalization Service ("INS") to initiate claims related to the agency's actions under the FTCA. *Id*. While the INS was considering her claim, she filed a lawsuit in federal court initiating various non-FTCA claims arising from the same facts while she awaited the INS's decision. *Id*. Anticipating that the INS would deny her claim, Wong filed a motion to amend her complaint in federal court to allow her to add the impending tort claims under the FTCA. *Id*. INS then denied her claim as predicted, and the six-month limitations period began running while the claimant's

motion to amend the complaint remained pending in district court. *Id*. at 405-06. The district court did not grant Wong's motion to amend her complaint to add the tort claims until three weeks after the FTCA's six-month deadline passed. *Id*. at 406. The Supreme Court affirmed the Ninth Circuit's decision below concluding that the circumstances justified equitable tolling. *Id*. at 406, 420. Wong had "exercised due diligence" in pursuing her FTCA claim and took every step necessary to add the claim to her then-pending lawsuit well before the six-month time limitation expired. *Id*. at 406 (internal citation omitted). Wong's ability to comply with the FTCA's six-month deadline was precluded solely by the district court's delay in granting her motion to amend. Here, Plaintiff offers no similar evidence that he continuously and diligently pursued his claims but met extraordinary circumstances beyond his control that prevented him from filing his complaint. Plaintiff offers no evidence that he or his counsel continued to pursue communications with USPS, inquired as to the date or status of any formal denial, or otherwise continued to diligently pursue his claims between the end of February 2025 and when he filed his complaint in September 2025.

This case is more akin to a case Defendants raise, *Dotson v. United States*, in which the Eleventh Circuit refused to apply equitable tolling under similar circumstances. 30 F.4th 1259, 1262 (11th Cir. 2022). In *Dotson*, a group of plaintiffs were involved in a motor vehicle accident allegedly caused by a USPS vehicle. *Id*. Plaintiffs satisfied the FTCA's requirement to first present their tort claims to USPS but failed to file their lawsuit within six months of USPS's denial of those claims. *Id*. The plaintiffs changed counsel twice before USPS sent its formal denial letter. *Id*. The first time the plaintiffs changed counsel, they notified USPS that they were represented by new counsel, the Pawlowski firm. When they changed counsel again, they did not notify USPS. *Id*. at 1262-63. Having received no notice of the second change in counsel,

USPS mailed its denial letter to the Pawlowski firm, and the plaintiffs did not receive it. *Id*. The plaintiffs subsequently filed the relevant complaint in federal court more than six months after USPS mailed its denial letter to the plaintiffs' previous counsel. *Id*. at 1263. The district court determined that the circumstances did not warrant equitably tolling the six-month deadline to file suit under the FTCA, and the Eleventh Circuit agreed. *Id*. at 1270-71. The Eleventh Circuit concluded that, as here, USPS satisfied its statutory obligation of mailing its denial letter to the firm it believed to be the claimants' counsel and that "the missteps of Plaintiffs' attorneys" in failing to inform USPS of the second change of counsel "amount[ed] to a garden variety claim of excusable neglect that does not constitute extraordinary circumstances warranting equitable tolling." *Id*. at 1270. Just as the court concluded in *Dotson*, in this case, Plaintiff's failure to receive the denial letter "was a problem of [his] own making" when his counsel failed to inform USPS of the change in address or his change in counsel. *Id*. (quoting *Zappone v. United States*, 870 F.3d 551, 558 (6th Cir. 2017)).

## V. CONCLUSION

For the reasons stated herein, the Court finds that summary judgment is warranted on Plaintiff's claims. Plaintiff does not dispute that he filed his lawsuit after the six-month limitations period ran pursuant to the FTCA, and he has presented inadequate justification to equitably toll the filing deadline. Plaintiff presented no legal basis to toll the deadline on the grounds asserted and presented no evidence of extraordinary circumstances that prevented him from filing on time. As such, judgment will be entered in favor of Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [ECF No. 20] and motion to strike the jury demand [ECF No. 22] are **GRANTED**.

Dated this 4th Day of September, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE